UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

        v.

CONELL BROGDON,

                    Defendant.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**
15-CR-0287-7 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On January 27, 2021, the United States Court of Appeals for the Second Circuit filed a mandate in the above-captioned case affirming Conell Brogdon's ("Defendant's") May 20, 2019 judgment of conviction, ECF No. 747, and remanding the cause to the District Court for a statement of reasons why this Court declined to adjust Defendant's sentence downward under U.S.S.G. § 5G1.3(b)(1). *See* ECF No. 948. Following the Second Circuit's decision, the parties submitted sentencing memoranda on this issue. *See* ECF Nos. 947, 952. For the reasons discussed below, the Court reaffirms Defendant's original sentence of 210 months of incarceration followed by 3 years of supervised release.

## BACKGROUND

On July 15, 2015, the United States filed a 75-count Superseding Indictment against 23 defendants, including Conell Brogdon ("Defendant"). *See* Superseding Indictment, ECF No. 48. On May 21, 2018, Defendant pleaded guilty to Count One of the Superseding Indictment, charging Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d), and admitted as racketeering acts his participation in: (1) the attempted murder of John Doe #1, as alleged in Racketeering Act One-B of the Superseding Indictment; and (2) conspiring to distribute cocaine base, as alleged in Racketeering Act Two. *See* Plea Agreement ¶ 1, ECF No. 539. On April 18, 2019, the Court sentenced Defendant to a term of 210 months of incarceration followed by 3 years of supervised release and ordered Defendant to pay the $100.00 mandatory assessment. *See* ECF No. 729. On April 29, 2019, Defendant filed a notice of appeal of his sentence with the Second Circuit Court of Appeals. *See* ECF No. 735. On January 27, 2021, the Second Circuit affirmed Defendant's conviction, but remanded Defendant's cause for a "statement of reasons."

1

*See* ECF No. 948. Specifically, the Second Circuit limited the scope of the remand to a mandate instructing the District Court to "state its reasoning for declining to adjust Brogdon's sentence downward in accordance with § 5G1.3(b)(1)." *See* ECF No. 930. Both the Government and Defendant submitted sentencing memoranda addressing this issue. *See* ECF Nos. 947, 952, 957. For the reasons set forth below, the Court again declines to adjust Defendant's sentence downward in accordance with U.S.S.G. § 5G1.3(b)(1) and reaffirms the original sentence of 210 months of incarceration followed by 3 years of supervised release.

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing a sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Sentencing Guidelines ("Guidelines") range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.* "The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). In light of the Second Circuit's limited mandate, the Court confines its analysis to the application of U.S.S.G. § 5G1.3(b)(1) to Defendant's sentence.

### II. Analysis

2

The United States Sentencing Guidelines § 5G1.3(b) provides:

> [If] a term of imprisonment resulted from another offense that is relevant conduct to the instant offense or conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of [U.S.S.G.] § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

Essentially, "U.S.S.G. § 5G1.3 attempts to achieve some coordination of sentences imposed in situations where a defendant is prosecuted in more than one jurisdiction for the same criminal course of conduct with an eye toward having such punishments approximate the total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time, that is, had all of the offenses been prosecuted in a single proceeding." *See* 32 A.L.R. Fed. 2d 191 (2008) (citing *Witte v. United States*, 515 U.S. 389, 405 (1995) ("§ 5G1.3 operates to mitigate the possibility that the fortuity of two separate prosecutions will *grossly* increase a defendant's sentence." (emphasis added)).

At the time of sentencing, Defendant was already serving two undischarged terms of imprisonment for offenses that were considered relevant conduct to the instant offense—his Kings County convictions for (1) Attempted Criminal Possession of a Weapon and (2) Attempted Murder. *See* Presentence Investigation Report ("PSR") Addendum, ECF No. 704, at 2 ¶ 104. Thus, Defendant, the Government, the United States Probation Department ("Probation Department"), and this Court agreed U.S.S.G. § 5G1.3(b) applied to his sentencing. *See id.*; Plea Agreement, ECF No. 539, at 4 ¶ 2; Sentencing Memorandum and Order ("Mem. & Order"), ECF No. 729, at 14. Defendant, the Government, the Probation Department, and this Court agreed

that pursuant to U.S.S.G. § 5G1.3(b)(2), and as stipulated in the plea agreement, the sentence for the instant offense should be served concurrently to the undischarged portions of the sentences for the state convictions. *See* Plea Agreement at 4 ¶ 2; Mem. & Order at 14.

As noted by Defendant, the Probation Department mistakenly used the disjunctive "or," rather than the correct and conjunctive "and," when describing U.S.S.G. § 5G1.3(b) in both the PSR and the PSR Addendum. *See* Memorandum on Behalf of Conell Brogdon in Connection with Remand Proceedings ("Mem. Brogdon"), ECF No. 947, at 4–5; Reply Memorandum on Behalf of Conell Brogdon in Connection with Remand Proceedings ("Reply Mem. Brogdon") at 3; PSR, ECF No. 652, at 20; PSR Addendum at 2. However, the Court also notes that in its own description and application of U.S.S.G. § 5G1.3(b) in the Sentencing Memorandum and Order, it correctly used the conjunctive "and" to relate subsections (1) and (2). *See* Mem. & Order at 14. In other words, the Court acknowledged at that time, and acknowledges now, that the application of U.S.S.G. § 5G1.3(b) concerns both credit for time served under a state sentence *and* the imposition of concurrent federal and state sentences.

In cognizance of the Sentencing Guidelines, the Court carefully and seriously considers U.S.S.G. § 5G1.3(b)(1), as it did before, and declines to adjust Defendant's sentence downward in accordance with the provision. Not only are Defendant's crimes in the instant action grave in nature, but also, Defendant comes before this Court with a long and exceptionally violent criminal history. The Probation Department did not mince words in dealing with the dangerous criminal that Defendant had become. At page one of three, filed under seal on March 06, 2019, the Probation Department got it right:

> This 31-year-old defendant is awaiting sentence for a Racketeering Conspiracy. The defendant was responsible for the attempted murder of John Doe #1 and the distribution of at least 280 grams of crack cocaine. The defendant has a criminal

history dating back to age 21. He has been convicted of Assault, Attempted Criminal Possession of a Weapon, and Attempted Murder (the last of which is part of the instant offense). His criminal history category is II, which appears to be understated. The custody sentences for his Attempted Criminal Possession of a Weapon and Attempted Murder convictions are both undischarged, and since both the local offenses were part of the instant offense, we recommend that the sentence for the instant offense be ordered to run concurrently to both the Attempted Murder and the weapons charge. It is notabl[e] that the defendant commenced his involvement in the instant RICO conspiracy just months after his parole term expired, and while on bail for a then-pending weapons charge in Brooklyn. After his 2014 arrest for Attempted Murder, he was recorded at prison making a surreptitious call to his girlfriend, making preliminary plans to obstruct justice. He does not receive an enhancement for Obstruction of Justice because there is insufficient proof that he or his associates made attempts to tamper with the victim; however, his statements recorded from Rikers in conjunction with his criminal history demonstrate his significant lack of respect for the rule of law. This behavior makes the defendant stand apart from his co-defendants as a more serious danger to the community.

*See* U.S. Probation Department Sentence Recommendation, ECF No. 704-1. As such, the Court finds Defendant's continued disregard for the law and history of callous violence sufficiently justify the Court's decision to decline a downward adjustment. Furthermore, denial of the downward adjustment under U.S.S.G. § 5G1.3(b)(1) does not result in a sentence above the Guidelines or above the statutory maximum.

Despite Defendant's arguments, the Court's sentence does not exceed the Guidelines recommendation or the statutory maximum, directly or indirectly. When sentencing a defendant, the court credits time served under U.S.S.G. § 5G1.3(b)(1) *after* a sentence has been appropriately calculated under the Guidelines. *See* U.S.S.G. § 5G1.3(b)(1), Application Note 2(D) (showing in the example that, *first*, the court calculates and chooses an appropriate Guidelines sentence, then *second*, the court applies the credit); *United States v. Zapatero*, 961 F.3d 123, 128 (2d Cir. 2020) ("[B]y the Guidelines' own application instructions, a district court does not consider a § 5G1.3(b) adjustment until after the 'applicable guideline range' has been

calculated."). Here, an offense level of 34 and a Criminal History Category of II yields a Guidelines sentence between 168 months and 210 months. *See* Mem. & Order at 15; Plea Agreement ¶ 2. Considering all relevant factors, a sentence of 210 months of incarceration followed by 3 years of supervised release appropriately comports with the dictates of § 3553. *See* Mem & Order. This sentence is within the Guidelines range and, importantly, does not surpass the statutory maximum, included in the plea agreement and ordered by this Court, of 240 months. *See* Plea Agreement; Order, ECF No. 702.

## CONCLUSION

This Court carefully considered the role of Mr. Brogdon mindful of the dictates of § 3553 and in the context of his role as a significant actor in the Artis Criminal Empire: an Empire whose 23 members appeared before this Court, pled guilty before this Court, and were sentenced by this Court. Mr. Brogdon did not operate in a vacuum as a sole actor, but rather as a particularly dangerous and murderous member of a particularly dangerous and murderous criminal group operating in concert to terrorize a significant portion of the Eastern District of New York. It would be a serious mistake to reduce his sentence even if it did not serve as an ill-advised invitation to his fellow gang members to seek similar reductions in sentence. This Court declines to embark upon that dangerous course of action, and so respectfully declines to adjust the Defendant's sentence downward pursuant to U.S.S.G. § 5G1.3(b)(1).

For the foregoing reasons, the Court reaffirms its previous sentence of 210 months of incarceration to run concurrently with the undischarged state terms of imprisonment, 3 years of supervised release (with special conditions), no fine, and a $100.00 special assessment. This sentence is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 17, 2021
       Brooklyn, New York

7